UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>             Plaintiff,<br><br>    v.<br><br>TYSON J. POGUE, ET. AL.,<br><br>            Defendants. | Case No. 1:22-cv-00560-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION<br><br>(Doc. No. 13) |

      Pending before the Court is Plaintiff's motion for order to return property filed on September 9, 2022. (Doc. No. 13). Plaintiff states Madera County Jail officials violated his Fourth Amendment rights when they took away his "legal materials" and "legal property" upon his arrival at the county jail. (*Id.* at 1). Plaintiff states the property was removed even though jail officials knew it was evidence related to his "criminal and civil cases." (*Id.*). Plaintiff seeks an order from court to direct unidentified county jail officials to return the legal documents that he states contain "exculpatory evidence." (*Id.* at 1-2).

       The courts liberally construe pro se pleadings. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Liberally construing the motion, Plaintiff seeks either mandamus or injunctive relief. Notably, to the extent Plaintiff alleges a Fourth Amendment violation, the Supreme Court has found that prisoners do not have a subjective expectation of privacy in their prison cell so the Fourth Amendment proscription against unreasonable searches does not apply within the

confines of the prison cell.  *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).

To the extent that Plaintiff is requesting a writ of mandamus under 28 U.S.C. § 1651, known as the All Writs Act, this Court lacks jurisdiction to issue a writ of mandamus to state officials.  *Demos v. United State Dist. Court of E. Dist. Of Wash*., 925 F.2d 1160, 1161 (9th Cir. 1991).  The Court only has "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.

Finally, to the extent Plaintiff seeks injunctive relief, the motion is deficient and denied without prejudice.  Federal Rule of Civil Procedure 65 governs injunctions and restraining orders.  A preliminary injunctive requires "notice to the adverse party."  Fed. R. Civ. P. 65(a)(1).  A temporary restraining order may be issued "without notice" only if "specific facts in an affidavit or a verified complaint clearly show that immediate, and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating, "any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b).

Temporary restraining orders and preliminary injunctions are governed by the same standard, with the exception that preliminary injunctions require notice to the adverse party. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.,* 181 F.Supp.2d 1111, 1126 (E.D. Ca. 2001); *see also* Fed. R. Civ. P. 65(a).  Eastern District of California Local Rule 231, however, requires notice for temporary restraining orders as well, "[e]xcept in the most extraordinary of circumstances," and the court considers whether the applicant could have sought relief by motion for preliminary injunction at an earlier date.  Local Rule 231(a)-(b) (E.D. Cal. 2019).  A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).  Both preliminary injunctions and temporary restraining orders require briefs on the relevant issues, affidavits, and proposed order for a bond.  L.R. 230.   Because the motion does not comply with any of these requirements, the motion is deficient.  To the extent

Plaintiff believes he can correct these deficiencies, he may refile a new motion.

Accordingly, it is **ORDERED**:

Plaintiff's motion (Doc. No. 13) is DENIED.

Dated:   December 12, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE