UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>TYYSON J. POGUE, FNU MENDOZA, N. FLORES, FNU GUZMAN,<br><br>  Defendants. | Case No.  1:22-cv-00560-ADA-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY<br><br>ORDER NOTING PLAINTIFFS VOLUNTARY DISMISSAL WITHOUT PREJUDICE UNDER RULE 41<br><br>ORDER MOOTING PLAINTIFF'S MOTION TO CONSOLIDATE<br><br>(Doc. Nos.  15, 16) |

Pending before the Court is Plaintiff's "motion to toll time from moving forward on this case or dismiss without prejudice" filed on December 29, 2022.  (Doc. No. 16).  In summary, Plaintiff states he is encountering delays with exhausting his administrative remedies at the county jail.  Therefore, he seeks to either "toll the case" from proceeding forward, essentially seeking an indefinite stay of the case; or asks to dismiss the action without prejudice until he is released from jail and not subject to the exhaustion requirement.  (*Id.* at 1-2).

To the extent Plaintiff seeks a stay, an indefinite stay in this case is not warranted.  *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citations omitted). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S.

at 254.  However, "[t]he proponent of a stay bears the burden of establishing its need."  *Clinton*, 520 U.S. at 708.  Plaintiff has not presented sufficient grounds for an indefinite stay of this case because exhaustion is condition precedent to filing a civil rights claim.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); s*ee also McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002).

In the alternative, Plaintiff requests that the case be dismissed without prejudice so he may litigate it upon his release from jail. (Doc. No. 16 at 1-2).  Service of process has not occurred in this case.  Plaintiff has the right as a matter of law to voluntarily dismiss this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  Thus, the Court construes Plaintiff's request a Rule 41 notice.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to stay (Doc. No. 16) is DENIED.

2. In light of Plaintiff's notice of voluntary dismissal, this action is terminated by operation of law without further order from the Court. Fed. R. Civ. P. 41(a)(1)(A)(i).

3. The Clerk of Court is directed to reflect Plaintiff's notice of voluntary dismissal without prejudice, vacate Plaintiff's pending motion to consolidate (Doc. No. 15), and close this case.

Dated:   January 3, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2